WINSOR HATCH, 2d, *vs.* BENJAMIN F. BAYLEY.

A. agreed by parol to sell B. a quantity of flour of a particular brand. He bought the flour in Albany, and ordered it forwarded by railroad deliverable at Boston to his order, but before its arrival gave B. a written order, making the flour deliverable to him. B. notified the carrier of this order and paid the freight. The carrier took B.'s directions as to the delivery of the flour, and when it arrived, marked the car.containing it and other goods, and directed the same to be run upon a side-track near B.'s warehouse for the purpose of delivery. Before the car had been so removed, the flour was attached by A.'s creditors as his property. There was no bill of sale or other conveyance of the flour from A. to B. *Held,* that there had been a sufficient delivery to pass the property from A. to B.

An officer attached a quantity of flour as the property of A. On a suit against him by B., who claimed under a prior sale from A., the defendant contended that the sale was fraudulent. The court instructed the jury, "it was necessary that the defendant should adduce stronger proof to establish fraud than to prove a debt or a sale; that the presumption was, that every man conducted honestly and without fraud, and when fraud was alleged, the proof must not only be sufficient to establish an innocent act, but to overcome the presumption of honesty." *Held,* that the defendant had no valid ground of exception to such instruction.

IN this action, which was tried in the court of common pleas, before *Wells,* C. J., a verdict was returned for the plaintiff, and the defendant excepted to the rulings. The material facts are stated in the opinion of the court, and additional particulars may be found in the next case.

*E. Wright,* for the defendant.

*C. A. Welch,* for the plaintiff.

SHAW, C. J.   This is an action of replevin for twenty-three barrels of flour, and the single question is, whether it was the property of the plaintiff.   It was attached by the defendant as the property of J. B. Hoogs.   It appears by the case, that Hoogs, previously to his departure for Albany to purchase flour, promised the plaintiff, in consideration of a loan of his note to raise money upon, to sell the plaintiff two hundred barrels of his purchase, at prices fixed.   At Albany, Hoogs purchased and put on board the railroad cars for Boston, one hundred barrels of one brand and twenty-three of another, to be forwarded to Boston, taking the usual receipt or way-bill, making the said flour deliverable to himself.   The flour was forwarded, and Hoogs inclosed to the plaintiff a written order, making the flour deliverable to him.   This the plaintiff notified to the agent of the railroad company, and at the same time paid the freight.   The agent took the plaintiff's directions as to the mode and place of delivery; the agent marked the car containing it, and directed the car to be run on a side-track to a point near the plaintiff's warehouse, for the purpose of being there delivered; but the flour was not taken out of the car, nor had the car been actually removed.   All this occurred before the attachment.   There was no evidence of any bill of sale, or other conveyance of said flour, from Hoogs to the plaintiff.

The court, in reference to this evidence, which was not controverted, instructed the jury, that if they should find that the said car, containing said twenty-three barrels of flour, was, prior to said attachment, marked as aforesaid by the clerk of the corporation, in the presence of said plaintiff, who then gave the foregoing direction in regard to its marking and disposal, it was a sufficient delivery; and that it was not necessary that the corporation should open the car, separate the twenty-three barrels of flour from the rest of the merchandise, or run the said car on the side-track, or do any other act to complete the delivery.

These directions, we think, were correct.   No bill of sale or other contract in writing was necessary to effect an actual sale and transfer of property; the verbal contract made by the said

Hoogs, in Boston, to sell the plaintiff two hundred barrels of flour, though being an executory contract, could not be enforced by law, by reason of the statute of frauds, without writing, yet when it was actually executed, the property passed to the vendee.

Then, was it executed by a sufficient delivery? Putting the flour into the cars at Albany, was not a delivery, because the way-bill made the flour deliverable to Hoogs himself. But the right to receive the property on arrival was assignable, and when Hoogs ordered it delivered to the plaintiff, and the company, by their authorized agent, acknowledged the plaintiff's right, took his directions as to the delivery, then marked the car containing it, with directions to the subordinates of the company so to deliver the merchandise, it was a good constructive delivery, pursuant to the agreement to sell, and vested the property in the vendee.

In general, that act, which changes the control and dominion of property, after an agreement for a sale, that which supersedes the power and control of the vendor and transfers it to the vendee, is a good delivery to pass the property; such as a delivery of the key of the warehouse, *Wilkes* v. *Ferris*, 5 Johns. 335; *Packard* v. *Dunsmore*, 11 Cush. 282; transfer of a warehouse-keeper's receipt, notified and assented to by the warehouse-keeper, *Tuxworth* v. *Moore*, 9 Pick. 347 removal of a horse from vendor's sale-stable to his livery stable, to keep for the vendee, *Elmore* v. *Stone*, 1 Taunt. 458: transfer of dock warrants for goods in the London dock warehouses, *Zwinger* v. *Samuda*, 7 Taunt. 265.

In all these cases, the ground is, that the same person who was the agent of the vendor to keep, becomes the agent of the vendee to keep; and the possession of the agent is the possession of the principal. *Gardner* v. *Howland*, 2 Pick. 599; *Gibson* v. *Stevens*, 8 How. 384.

And we think the judge was right in directing the jury as he did. What amounts to a delivery of goods sold, when the facts are found, is a question of law. The court left it to the jury upon the evidence, to decide whether the facts were true, and directed them hypothetically, that if such facts were true,

3 *

they constituted a sufficient delivery.   This was no encroachment on the province of the jury: it left them at liberty to weigh the evidence, to draw their own inferences, and decide on the facts; and the judge did what it was his province to do, directed them in matter of law, to enable them to return a general verdict.

Another ground of defence is, that the sale was fraudulent, in regard to which the court instructed the jury that it was necessary that the defendant should adduce stronger proof, to establish fraud, &c., than is necessary to prove a debt or a sale; that the presumption was, that every man conducted honestly without fraud; and when fraud was alleged, the proof must not only be sufficient to establish an innocent act, but to overcome the presumption of honesty.   These were obviously general remarks, upon the nature of evidence in application to facts to be proved by it, and perhaps they are not stated with all the illustrations which accompanied them, or precisely as they were made.

As we understand them, the judge intended to say, that he who alleges fraud against another, is bound to prove it.   That every man is presumed to act honestly until the contrary is proved; that he who charges another with an act involving moral turpitude or legal delinquency, must prove it; that as this is an allegation against a presumption of fact, it requires somewhat more evidence than if no such presumption existed.   It carried no direction as to the amount of evidence required, or as to the nature of evidence, whether positive or circumstantial, but only that, on the whole, it must be somewhat stronger; and we cannot perceive that such a direction is incorrect.   The ordinary direction to the jury is, that he who charges fraud must prove it to the satisfaction of the jury.   We think it not contrary to any rule or principle of law for the judge to inform the jury, that as the charge of fraud is a charge against a presumption of fact, perhaps often a slight one, yet the jury, in order to be satisfied, might require somewhat stronger evidence, than would suffice to prove the acknowledgment of an obligation, or the delivery of a chattel.   1 Greenl. Ev. § 380.

*Exceptions overruled.*